ELMER KRAMER *v.* GLOBE BREWING COMPANY
[No. 6, October Term, 1938.]

462

*Decided November 30th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Harry E. Goertz* and *Joseph Loeffler,* with whom was *Bernard J. Medairy* on the brief, for the appellant.

*William T. Tippett, Jr.,* and *Morton H. Rosen,* for the appellees.

MITCHELL, J., delivered the opinion of the Court.

On July 9th, 1936, the appellant sustained serious injuries through the overturning of a truck, alleged to

have been negligently and recklessly driven by Charles F. Crist, a chauffeur-salesman of the appellee. The facts of the case are, briefly, as follows:

Crist at the time of the accident was an employee of the appellee, engaged in the business of selling and delivering bottled beer on a regular route extending into rural territory adjacent to the City of Baltimore. His compensation was in the form of a weekly wage, plus a commission on each case of beer handled by him. He testified that under his contract with his employer he was not allowed a helper, and he was forbidden to permit helpers or other persons to ride on the employer's truck which was placed in his charge for the purpose of serving customers; that notwithstanding the orders of his employer, and due to the laborious character of his work in busy times he employed helpers from time to time, without the knowledge of his employer; and that on July 6th, 1936, he picked up the appellant as an assistant, personally paying him a daily wage and furnishing him with meals. The employment of the helper, in manner above indicated, extended over a period of four days; and on the evening of the fourth day, while returning to the brewery of the appellee, and with Crist at the wheel, the truck was overturned, causing the injury of which the appellant complains.

Immediately after the accident, the injured man was placed in a hospital; and on his behalf Crist expended from forty to fifty dollars toward the hospital expenses. For these expenses, and the wages he paid his helper, Crist testified that he had never been reimbursed by his employer. He further testified that he employed the helper upon his own initiative, and that such employment was never acquiesced in or ratified by the appellee. This latter statement was corroborated to some extent by the appellant, who testified that he never was formally employed by the appellee.

Upon this state of facts, the appellant brought an action at common law, in the Superior Court of Baltimore City, against the Globe Brewing Company, the

appellee, and the said Crist, based on the injury above noted.

The declaration in that case contained two counts; the first alleging that the plaintiff was injured while riding in a truck owned by the brewing company and operated by Crist, with the consent and acquiescence of both defendants, through the carelessness, recklessness and negligence of Crist in operating the truck, and without any negligence of the plaintiff contributing thereto.

The second count alleged the employment of Crist by the brewing company, that Crist employed the plaintiff with the knowledge and consent of the latter, and that, as such employee, he was injured in manner indicated.

The bill of particulars stated that the plaintiff was riding in the brewery company's truck with the knowledge and consent of the corporate defendant; but as a helper for the defendant, Crist, at his request and for the day on which the accident occurred, and further detailed the manner in which the recklessness charged occurred.

A demurrer to the declaration being interposed and overruled, the defendant Crist filed the general issue plea, and the corporate defendant thereupon filed both the general issue plea, and a second or special plea. By this latter plea it set forth that, if it should be determined at the time of trial that the plaintiff was an employee of the corporate defendant at the time of the accident, then the plaintiff had no remedy at law against said defendant, and that his exclusive remedy against said corporate defendant accrued under the provisions of the Workmen's Compensation Act, by virtue of which said act the said defendant had provided compensation for its employees, with the approval of the State Industrial Accident Commission. A demurrer to the above special plea was filed by the claimant and sustained by the court, and thereupon the corporate defendant filed an amended special plea as follows: "That at the time of the accident herein complained of, the plaintiff, Elmer

Kramer, was an employee of The Globe Brewing Company; That the injuries complained of by the plaintiff arose out of and in the course of his employment; That The Globe Brewing Company had complied with the terms and provisions of Article 101 of the Code, commonly known as the Workmen's Compensation Act, by providing with the approval of the State Industrial Accident Commission, compensation for its employees in one of the ways set forth in said Act; That the liability of this defendant for compensation is exclusive to the Plaintiff."

Upon the filing of the latter plea, the plaintiff entered a motion in the trial court, in which he set forth that, prior to the filing of the amended special plea, the corporate defendant had denied that the plaintiff was its employee and hence was not entitled to compensation pursuant to the provisions of the Workmen's Compensation Act; and that the purpose and effect of said amended special plea was to oust the jurisdiction of the court in the premises, as against the corporate defendant, and to remit the plaintiff to his claim for compensation against it under the provisions of the Compensation Act; and because of, and in reliance upon said plea, the plaintiff desired to discontinue the action against both defendants, "without prejudice to any rights he may have against both or either of them." Acting upon the above motion, the trial court ordered a *non pros.*, thereby terminating the case in the Superior Court, before any testimony was taken.

In this situation, the appellant made formal application for compensation to the State Industrial Accident Commission under the provisions of article 101 of the Code, or the Workmen's Compensation Act. The claim was disallowed by the Commission, and subsequently an appeal was taken by the claimant to the Superior Court of Baltimore City. Upon application for removal, the case was transferred to the Baltimore City Court for trial, and by agreement of counsel for the respective parties, was submitted to a jury in the latter court under

issues as follows: (1) Was the plaintiff an employee of the defendant, the Globe Brewing Company?, and (2) were his injuries sustained in an accident arising out of and in the course of his employment? The verdict of the jury in the latter case being in favor of the corporate defendant, the action of the State Industrial Accident Commission was accordingly affirmed, and from that judgment this appeal was taken.

At the trial below, the claimant rested his case upon his own testimony, which, in effect, tended to substantiate the facts hereinbefore detailed. On cross-examination he stated that he had never applied to the defendant for employment, but that two months before meeting Crist he had made inquiry at the defendant's office if it needed any help, and was told at that time that it did not. The defendant thereupon produced Crist, who confirmed the aforegoing narrative of the case, adding that he did not report his employment of the claimant to his employer.

Following the next above testimony, the defendant offered in evidence all of the pleadings which had been filed by the respective parties in the original common law action, together with the docket entries pertaining thereto. And it then offered in evidence the testimony of the attorney who filed the several pleadings in its behalf, tending to show that the amended special plea was filed by him with the single purpose of directing the claimant to the proper tribunal before which this case should be first heard, and thereby defeating the common law action.

During the course of the trial, twelve exceptions were reserved by the claimant to the rulings of the lower court on evidence. Of these, the first was abandoned in this court, and the remaining exceptions of the above class relate entirely to the admissibility of the testimony of the attorney, along the line above indicated. A thirteenth exception was reserved to the court's ruling on the prayers, and these exceptions will now be considered in the order of their sequence.

The record presents a situation in which the testimony of the claimant tends to show that he never was formally employed by the defendant, and yet, in direct conflict with that testimony, the defendant by its special plea in a prior case, growing out of the same accident, affirmatively sets up: (a) That the claimant was its employee at the time of the accident resulting in his injury, and (b) that such injury arose out of and in the course of his employment. It is, therefore, apparent that the correctness of the trial court's rulings with reference to the questions raised by the first group of exceptions must be determined by the extent to which an admission in a pleading by a party to a suit, in a separate proceeding relating to the same subject of controversy as that involved in the trial of a subsequent case, can be modified or explained by oral testimony offered in the subsequent suit.

Needless to note, the extent to which a party to a suit is bound by affirmative statements set forth in his pleadings is subject to some conflict, and the determination of that question must necessarily depend upon the circumstances peculiar to each case.

In *Jones on Evidence* (3rd Ed.) sec. 272, it is said:

"When parties allege matters of fact in their pleadings, these pleadings may be offered in evidence against such parties as admissions of the fact so alleged. Under familiar rules the pleadings in the pending case are more than admissions. They are, until changed, conclusive upon the parties filing them. * * * When a statement by a party in a pleading other than in the pending suit is offered in evidence, the statement is admissible on the same principle as oral admissions, hence it is not necessary that the parties should be the same; and the pleadings of a party may be received against him in a subsequent suit although the parties are different.

"The weight to be given to such admissions depends upon various circumstances. If the pleading is sworn to and hence is the deliberate and solemn statement of the party, its admission may afford evidence against him

not easily rebutted. * * * But if the pleadings are not sworn to, and are drawn by counsel, and the allegations have not been expressly directed or approved by the party, they may be of little significance."

The author, after further discussing the subject, draws the deduction that the modern tendency is to reject the view above expressed, and to treat pleadings as statements of the real issues in the cause and hence as admissions of the parties, having weight according to the circumstances of each case.

In 1 *Greenleaf on Evidence* (16th Ed.) sec. 186, subsec. 3, after discussing the subject, the author states: "The question how far statements made by a party to a suit in pleadings filed by him or his attorney in previous cases are admissible in evidence against him is not one free from doubt. The test which seems most satisfactory to apply is the inquiry whether, under all the circumstances, the party against whom the admissions are offered can fairly be supposed to have had personal knowledge of the making of the admissions in the pleadings at the time the pleadings were drawn and filed. If the pleadings are signed and filed by the attorney, without apparently being brought to the party's attention, it is generally held that such pleadings are not evidence in another case against the party. And pleadings which are general and formal in their nature, not containing specific allegations of fact, and which are signed by the attorney and are not shown to have been specially brought to the attention of the party in whose behalf they were made, are not receivable in other cases as admissions of the party for whom they are filed; the presumption being that the pleading is not known to the party in whose behalf it was filed."

On the other hand, there is another class of admissions which cannot be disputed, and in which the doctrine of estoppel is successfully invoked; and the rule is the same whether the admission is in point of fact true or false. In these latter cases "the test is not whether the admis-

sion is true, but whether it would be contrary to public policy and good morals to allow it to be disputed."

Or, as observed by Mr. Stephen in his work on *Evidence*, art. 102: "When one person by anything which he does or says, or abstains from doing or saying intentionally, causes or permits another person to believe a thing to be true and to act upon such belief otherwise than he would have acted but for that belief, neither the person first mentioned nor his representative in interest is allowed, in any suit or proceeding between himself and such person or his representative in interest to deny the truth of that thing."

And in *Bigelow on Estoppel* (6th Ed.) p. 783, it is said: "If parties in court were permitted to assume inconsistent positions in the trial of their causes, the usefulness of courts of justice would in most cases be paralyzed; the coercive process of the law, available only between those who consented to its exercise, could be set at naught by all. But the rights of all men, honest and dishonest, are in the keeping of the courts, and consistency of proceeding is therefore required of all those who come or are brought before them. It may accordingly be laid down as a broad proposition that one who, without mistake induced by the opposite party, has taken a particular position deliberately in the course of litigation, must act consistently with it; one cannot play fast and loose." *Ohio & M. Railway Co. v. McCarthy,* 96 U. S. 258, 24 L. Ed. 693.

From what has been said, there can be no question that under some circumstances admissions in pleadings may be explained; and it is equally certain that under other circumstances, in the interest of sound public policy, regardless of their truth or falsity, such admissions estop the pleader from denying their force and effect. This brings us to the crux of this case, and the query which naturally arises is whether the special plea here involved caused the claimant to change his position to his own detriment, and to the ultimate benefit and advantage of the defendant. That the filing of the special plea was

the sole reason for the dismissal of the former suit at the sole expense of the claimant, there can be no doubt. To determine, therefore, whether the testimony which forms the basis of the first line of exceptions was or was not properly admitted, it is necessary first to carefully analyze the basic facts upon which the claimant's case is founded; and this phase of the case will now be discussed.

Section 14 of article 101 of the Public General Laws of this State, commonly known as the Workmen's Compensation Act, makes it mandatory that certain classes of employers in industry comply with the provisions of the Act, and provides that upon compliance with the same by the employer, the employee shall be entitled to compensation for injury sustained in the course of his employment, except in cases of self-inflicted injury or injury resulting solely from the intoxication of the injured employee, which latter contingencies are not involved in the instant case. And the said section further provides that upon compliance with the provisions of the Act, the liability for compensation for injury to the employee shall be exclusive, or covered by the Act. Under the provisions of the Act, therefore, the right to sue the employer at common law is only inherent in the employee in those cases in which the employer has failed to comply with it; in which latter case the employee, or his representative in cases of death, has the option of either claiming compensation under the Act, or maintaining an action at common law for damages on account of the injury. If suit is brought at common law against an employer who has complied with the provisions of the Act, he can, and ordinarily does, meet the action by filing a plea showing that he has so complied and is therefore subject to its provisions. *Salvuca v. Ryan & Reilly Co.*, 129 Md. 235, 98 A. 675.

In other words, the filing of such a plea by the employer, in effect, bars the claimant from redress in his common law action, and leaves him free to file his claim before the State Industrial Accident Commission, as was later done in the instant case.

While there is no affirmative testimony on the point found in the record before us, it nevertheless is asserted in the motion filed by the claimant for leave to dismiss his common law action after the special plea was filed: "That prior to the filing of said second and special plea aforesaid, the said defendant, The Globe Brewing Company, had denied that the plaintiff was an employee of said brewery and hence was not entitled to compensation pursuant to the provisions of the Workmen's Act."

It is then set forth in the motion, and we think properly so, that the purpose and effect of the special plea was to oust the jurisdiction of the common law court as against the corporate defendant, and to remit the claimant to his claim for compensation against said defendant under the provisions of the Workmen's Compensation Act; and further, as the reason for the claimant's then desire to discontinue the common law action against the corporate defendant, the reliance of the claimant upon the averments of the special plea.

Nowhere in the testimony adduced by the defendant do we find a denial of the allegations of fact, or deductions set forth, in the motion for *non pros.*, to which reference is above made; which motion was a part of the record in the former suit, offered in evidence by the defendant in the instant case.

So far as the record before us reveals, therefore, the claimant was justified in taking the action which he did take in dismissing his common law case. And it would, in our opinion, be an injustice to him, in the present suit, to permit the defendant, after having availed itself of an affirmative defense in the prior suit, to appear in a subsequent proceeding involving the same matter of controversy between the same parties, and deny the facts asserted by it, or on its behalf, in the special plea.

From the testimony of the defendant's attorney, to which the first group of exceptions relate, it may be inferred that the theory of the defense attempted to be set up in the instant case is that the special plea embraced an unwarranted statement of facts asserted by

the attorney without its authority and acquiescence; but there is no evidence in the record tending to show that the attorneys who filed the special plea were not, at the time of filing the same, fully authorized to represent the defendant in the common law suit. And it is significant, if such was the alleged state of facts, that no official of the defendant corporation denied the full authority of its then attorneys to act on its behalf in the premises; assuming, without deciding, that such evidence on the part of the defendant would, under the state of the record in the case before us, be admissible. Nor was any official of the defendant produced to deny its employment, or its subsequent acquiescence in, or ratification of, the employment of the claimant by Crist.

The record shows that the demurrer to the original special plea of the defendant was sustained on February 27th, 1937, with leave to amend in thirty days; and that not until April 5th, 1937, was the amended special plea filed by the corporate defendant in the former suit, which is the sole defendant in the instant case. There is no indication in the record before us that the special plea was hastily filed by the attorneys who represented the defendant in the common law action, and, to the contrary, the reasonable inference is that it was filed deliberately and with the full knowledge of its plain meaning and effect on the part of the duly accredited officials of the corporate defendant.

From what we have said, therefore, it is our conclusion that there was error in admitting the testimony embraced in exceptions 2 to 12 inclusive; and because the rulings embraced in the 13th exception were based upon evidence which we find to have been erroneously admitted in the case, there was consequent error in the rulings of the trial court in refusing the claimant's "A" prayer, in granting the special exceptions to the claimant's third prayer and refusing the same, and in granting the defendant's second prayer, under which latter instruction the jury was directed to consider all of the evidence in the case and especially to consider all of the

circumstances under which the special plea mentioned in the evidence was filed.

For the reasons stated, the judgment below will be reversed.

*Judgment reversed, and case remanded, with costs to the appellant.*