Francis X. Conlon, J.
The plaintiff herein had been an employee of the defendant Eandforce Amusement Corp. This company operates theatres. Defendant Nelrach Theatres, Inc. owned a theatre which was operated by Eandforce and at which plaintiff alleg-es he was injured. He filed a claim with the Workmen’s Compensation Board, which after hearings and reviews determined that the claimant did not sustain an accident. Thereafter he instituted this action originally against Eandforce and Nelrach for negligence. Eandforce moved to dismiss the complaint on the ground that the determination of the Workmen’s Compensation Board, that there was no accident, was res judicata. The motion was granted.
On the present motion, Nelrach moves for the same relief. Whenever any board, tribunal or person is by law vested with authority to judicially determine a question, such determination when it has become final is as conclusive as though the adjudication had been made by a court of general jurisdiction (Ogino v. Black, 304 N. Y. 872). While the general rule is that a plea of res judicata is available only to parties to the prior action or their privies, and the estoppel of the judgment must be mutual, there are exceptions. The Court of Appeals in Israel v. Wood Dolson Co. (1 N Y 2d 116, 119) stated: “an exception is at times made where the party against whom the plea is raised was a party to the prior action and ‘ had full opportunity to litigate the issue of its responsibility. ’ (See Liberty Mutual Ins. Co. v. Colon, 260 N. Y. 305, 312.) ” When the liability of more than one party turns on identical issues and the complaining party has been given a full opportunity to litigate those issues against one of the parties and has been defeated on grounds other than a personal defense, he is not permitted to litigate the same issues against the other. Plaintiff to succeed must prove that he suffered an accident at the time and place and in *391 the manner he alleges. The Workmen’s Compensation Board has determined he did not. The identity of issues requires the invocation of the doctrine of res judicata (Israel v. Wood Dolson Co., supra). Accordingly, the motion by the remaining defendant for summary judgment is granted.
Settle order.