John C. Cohalan, Jr., J.
Plaintiff seeks an order adding the State Insurance Fund as a party and requesting that the liability of the State Insurance Fund for the payment of the judgment for costs be adjudicated.
Heretofore on March 25, 1964 a judgment was entered dismissing the complaint and granting costs to the defendants against the plaintiff in the sum of $162. It does not appear that any appeal has been taken from this judgment. The injury, the subject of the action, was also the subject of an award of the Workmen’s Compensation Board of the State of New York. The action against the defendants is what is commonly known as a third-party claim or action. The State Insurance Fund is not a party to this action which is maintained pursuant to notice filed with the Compensation Board pursuant to section 29 of the Workmen’s Compensation Law. After entry of judgment plaintiff sought to reopen the workmen’s compensation case so as to provide for a direction that the costs allowed to the defendants in this third-party action be determined to be an obligation of the State Insurance Fund rather than the plaintiff-claimant. Workmen’s Compensation Board denied this relief. No appeal was taken from such determination pursuant to section 23 of the Workmen’s Compensation Law. Plaintiff now desires a summary determination: (a) That the State Insurance Fund be added as a party to the action; (b) that since the State Insurance Fund would have benefited substantially in the fund if the claimant-plaintiff was successful in the third-party action; (c) that said State Insurance Fund should either pay the judgment of costs or assume payment of a part thereof.
There appears to be no authority for adding a party to the action after the litigation has been finalized by a judgment. Plaintiff has cited no authority to permit this relief. The determination of the Workmen’s Compensation Board would appear to be res judicata on the subject presented. (See Hirsch v. Workmen’s Compensation Bd. of State of N. Y., 1 A D 2d 873, affd. no opinion 3 N Y 2d 747. Also, see, Drier v. Randforce Amusement Corp., 17 Misc 2d 389.)
The motion is accordingly denied and the stay contained in the order to show cause is vacated.