## GIANT FOOD, INC. AND THE TRAVELERS IN-SURANCE COMPANY *v.* GOOCH

[No. 25, September Term, 1966.]

*Decided January 10, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS and FINAN, JJ.

*Christopher A. Hansen,* with whom were *Jesse Slingluff* and *Piper & Marbury* on the brief, for appellants.

*Herbert B. Fineberg,* with whom was *John Brockenbrough Fox* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The Workmen's Compensation Commission awarded Willie Gooch compensation for injuries sustained when he was shot by one Jones, a jealous husband who, entirely mistakenly, thought Gooch was having an affair with Mrs. Jones, and Judge Macgill, sitting without a jury in the Circuit Court for Anne Arundel County, affirmed. The employer and insurer appeal, claiming that the injury neither occurred in the course of the employment nor arose out of the employment.

Gooch worked for Giant Food, Inc., at its shopping center on Ritchie Highway at Mountain Road in Anne Arundel County, as a parking lot attendant and parcel pick-up man on the parking lot which was owned by Giant Food and served all the mercantile establishments in the shopping center. His regular routine each morning was to punch his time card at eight o'clock, get his shovel and broom and begin to clean the lot. On the morning of October 8, 1964, he drove to the parking lot, arriving a few minutes before eight. As he was locking his car, Jones, who had killed his wife and her "girl friend" the evening before and had slept in his car, approached Gooch with a gun, believing him to be Mrs. Jones's paramour. Gooch fled with Jones in pursuit and after they had gotten behind the food store, Jones shot him.

We think it clear that the commission and the reviewing court could have found that the injury occurred in the course of Gooch's employment. He was on the parking lot on which he regularly worked and was but minutes away from actually engaging in his regular duties, when he was interrupted by Jones. "An employee is in the course of his employment where he is injured before the hour of work while on the premises for the purpose of engaging in the day's work." *Rice v. Revere Copper & Brass, Inc.,* 186 Md. 561, 566. See also *Maryland Paper Products Co. v. Judson,* 215 Md. 577.

The critical issue is whether Gooch, having been shot by a third person while in the course of his employment, must establish that his injury arose out of his employment in order to obtain compensation. The employer and insurer contend that § 15 of Art. 101 of the Code of 1957 controls when, *inter alia,* it provides that "every employer * * * shall pay * * * compensation * * * for the disability or death of his employee

resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment * * *." Gooch answers that § 15 governs the general and usual cases and that in those cases both the tests of "in the course of" and "arising out of" the employment must concur, *Coates v. J. M. Bucheimer Co.*, 242 Md. 198; *Pariser Bakery v. Koontz*, 239 Md. 586; *Department of Correction v. Harris*, 232 Md. 180, but that in § 67 (6) of Art. 101 of the Code, enacted by Ch. 289 of the Laws of 1951, in the particulars here pertinent, the legislature created a new, different and additional form of accidental personal injury which, if caused by "the wilful or negligent act of a third person directed against an employee," need only occur in the course of employment (and not arise out of it) to be compensable. Section 67 of Art. 101 contains the definitions used in that article. Paragraph 6 of § 67 now reads as follows:

> " 'Injury', 'personal injury', 'accidental injury' and 'accidental personal injury', means only accidental injuries arising out of and in the course of employment and such occupational disease and infection as may naturally result therefrom, including frostbite and sunstroke resulting from weather condition, and includes an injury caused by the wilful or negligent act of a third person directed against an employee in the course of his employment."

(The 1951 amendment inadvertently omitted the word "accidental" between the word "only" and the word "injuries" in the second line of § 67 (6) and the legislature in Ch. 24 of the Laws of 1954 reinserted the word "accidental" in the section.)

The rebuttal of the employer and insurer to the argument as to the implications of § 67 (6) is that the 1951 and 1954 amendments "made explicit that an injury brought about by a deliberate or negligent act of a third person is within the definition of 'injury.' [and] 'accidental injury' * * *" and that the legislative intention was "merely to clarify the definition to include wilful [and negligent] torts by third persons, so that under section 15, if a wilful [or negligent] tort by a third person were

committed 'out of' and 'in the course of' employment, it would be compensable."

We agree with Judge Macgill, for the reasons which follow (essentially the same reasons that led him to his conclusions), that Gooch has much the better of the arguments as to the proper construction of the statute, and must prevail.

Sections 15 and 67 (6) must, as is entirely possible, be read together and harmonized so as to give effect to the purpose of each, as expressed in its phraseology. So read, the legislature provided several classes of compensable accidental injuries. One was the run of the mine one provided for in § 15— "an accidental personal injury * * * arising out of and in the course of * * * employment." This class of "injury," "personal injury," "accidental injury" and "accidental personal injury" was redefined in § 67 (6) as the primary class and there were added by that section two other defined classes: first, "such occupational disease and infection as may naturally result therefrom" (including frostbite and sunstroke resulting from weather condition) and, second, "an injury caused by the wilful or negligent act of a third person directed against an employee in the course of his employment." Thus, in the context here pertinent, we read §§ 15 and 67 (6) together to mean that every employer shall pay compensation (1) for the disability or death of his employee resulting from an accidental personal injury arising out of and in the course of employment, and (2) for the disability or death of his employee caused by the wilful or negligent act of a third person directed against the employee while he is in the course of his employment.

This reading of the statute is strongly supported by history. In 1925 this Court, in *Todd v. Furniture Co.*, 147 Md. 352, where a night watchman was wilfully killed while on duty by one who had animus against him, held that it was for the jury to decide whether his death arose out of his employment since the jury permissibly could draw the inference that there was increased danger of injury from ill-disposed persons arising from the special conditions of service as a night watchman. In 1933 *Reisinger-Siehler Co. v. Perry*, 165 Md. 191, held that an employee, who, while in the course of his employment, was struck by an automobile negligently operated by a stranger, was

entitled to compensation for an injury arising out of his employment. On the other hand in 1946, *Rice v. Revere Copper & Brass, Inc., supra,* held that the death of a worker from a blow by a fellow worker inflicted during a personal quarrel on company property did not arise out of the employment. The Court distinguished *Todd* by pointing out that "in the instant case there were no unusual conditions of the employment that could fairly be said to contribute to the injury as a natural result." Plainly, before 1951, injury to an employee inflicted by a third person in the course of the employment, either wilfully or negligently, was compensable if the danger of such injury was an incident of the special conditions of the employment— that is, if it arose out of the employment—but such an injury was not compensable if it was not attributable to the working environment—that is, did not arise out of the employment.

The legislature is presumed to have enacted Ch. 289 of the Laws of 1951—now § 67 (6) of Art. 101 of the Code—with knowledge of the state of the law and the decisions referred to. *St. Joseph Hospital v. Quinn,* 241 Md. 371, 379; *Gibson v. State,* 204 Md. 423, 432; *Herbert v. Gray,* 38 Md. 529, 532. It is only reasonable to infer, therefore, that the legislature when it said that accidental personal injury as defined and made compensable by § 15 of Art. 101 was also to include "an injury caused by the wilful or negligent act of a third person directed against an employee in the course of his employment" intended to broaden the scope of the compensation statute to include as compensable an injury not attributable to the working environment provided it was incurred in the course of employment.

This conclusion is fortified by another facet of history. The bill which became Ch. 289 of the Laws of 1951 and now is codified as § 67 (6), as originally introduced in the legislature, contained this language: "* * * and includes an injury caused by the wilful or negligent act of a third person directed against an employee *because* of his employment" (emphasis added), but during its passage the bill was amended to strike out the word "because" and to substitute the words "in the course." This is a persuasive indication of legislative intent to insure that in the case of injury inflicted by a third person in the course of the

worker's employment there was to be no requirement that the injury arose out of the employment.

The employer and insurer seek to explain away the significance of the legislature's substitution of the phrase "in the course of the employment" for the words "because of the employment" by suggesting that the latter language would have restrictively required the stranger-tortfeasor and not the employee to have had a relation to the business of the employer. The argument approaches the fanciful.

The employer and insurer seek further comfort in several cases involving injury caused by a third person decided by this Court after the enactment in 1951 of the here pertinent parts of § 67 (6), arguing that we have not in those cases regarded the literal provisions of § 67 (6) as controlling but rather have evaluated compensability in terms of whether the injury both was in the course of and arose out of the employment. The cases relied on include *Maryland Paper Products Co. v. Judson,* 215 Md. 577, *supra* (the employee who was on the way to work was struck by the automobile of a third person while crossing a public street in front of the employer's factory and was given an award by the Commission, which the jury affirmed) ; *Scherr v. Miller,* 229 Md. 538 (a fight with a tavern patron by the collector of the coins in coin-operated machines) ; and *Miller v. Coles,* 232 Md. 522 (injury to a salesman as a result of a fight with a third person outside a tavern).

In *Scherr* the effect of § 67 (6) was not raised or decided below nor argued or relied on in the briefs or at the oral argument. The parties there concerned themselves only with whether the injury arose out of the employment and the propriety of the trial court's instructions on the point and the Court confined its discussion and decision within the limits set by the parties. In *Miller v. Coles,* we held that the injury did not happen during the course of employment. We said (232 Md. at 526) :

> "Once again we are called upon to construe Code (1957), Article 101, § 15 of the Workmen's Compensation Act. The action was tried below and the parties have presented the case to us on the basis that the injury must arise not only 'in the course of' but also 'out of' the employment in order for a claimant to recover

benefits under the Act. Claimant does not contend, as was done in *Md. Paper Products Co. v. Judson,* 215 Md. 577, 589, 139 A. 2d 219, that Section 67 (6) of Article 101, Code (1957) (then Section 68 (6) of Article 101, Code (1951)) (as amended by Ch. 289 of the Acts of 1951) allows compensation for injuries inflicted upon an employee by a third party while the employee is in the course of his employment, without prescribing that the injury also arises out of his employment. As in that case, we are not called upon to pass upon the merit of such a proposition, for we do not think that Coles was acting in the course of his employment when assaulted and beaten."

Despite the suggestion in the quoted passage that § 67 (6), which was then § 68 (6), was not construed on the merits in *Maryland Paper Products Co. v. Judson,* it is clear that we there at least assumed that if the employee was in the course of his employment when he was killed by a third person's negligence, his death was compensable even though it had not arisen out of the employment. We held first, as a matter of law, that on the facts the proximity exception to the going and coming rule did not apply, and then dealt with the claimant-widow's contention that the section now codified as § 67 (6) entitled her to compensation. We ruled on this point that she was not helped "insofar as the proximity rule is concerned, because we find that * * * the employee was not acting in the course of his employment in crossing Eutaw Street," and that but for proffered but rejected testimony that the employee had gone from his home on the morning he was killed not directly to work but to pick up and convey to his place of employment a gear wheel to be used in a machine of the employer and that he was carrying the gear wheel when he was struck near the plant one hour and ten minutes later than his usual time for reporting for work, the case would have been reversed without a new trial. However, we reversed and remanded for a new trial since we thought that this proffered testimony constituted "sufficient evidence to require the case to be submitted to the jury on the issue of whether the deceased was fatally injured while acting in the course of his employment in delivering a gear

wheel to his employer's place of business." The remand for a new trial clearly contemplated that § 67 (6) made the death compensable if, without more, it occurred in the course of the employment.

It is significant that a section of the Longshoremen's and Harbor Workers' Compensation Act, which reads as did the bill which became § 67 (6) when it was first introduced in the legislature of Maryland, has been judicially construed as we have construed § 67 (6). Section 2 (2) of the federal act says:

> "The term 'injury' means accidental injury or death arising out of and in the course of employment * * * and includes an injury caused by the willful act of a third person directed against an employee because of his employment."

In *Maryland Casualty Co. v. Cardillo*, 107 F. 2d 959, 961, the United States Court of Appeals for the District of Columbia held that the abduction and killing of an insurance premium collector by men who recognized him as such by his "book" was "directed against an employee because of his employment." The Court said:

> "The term 'injury,' the statute tells us, '* * * includes an injury caused by the willful act of a third person directed against an employee because of his employment.' Grammatically, this final clause of Section 2 (2) is unqualified; it is not cumulative with, but independent of, the statement in the first clause that injury 'means accidental injury or death arising out of and in the course of employment.' When the facts come, as they do here, within the final clause, we need not inquire whether the 'willful' injury of the final clause can be regarded as 'accidental.' Similarly, we need not inquire whether it can be regarded as 'arising * * * in the course of employment.' No logical reason appears for distinguishing in this respect between the two parts of the first clause, and importing the later part, though not the earlier, into the final clause."

Judge Macgill in the case before us correctly construed the

Workmen's Compensation statute. We do not reach the question of the correctness of his holding that Gooch's injury was compensable apart from § 67 (6), as one arising out of his employment.

*Order affirmed, with costs.*