Lester HUBBARD et al., Plaintiffs-Appellants,

v.

REYNOLDS METALS COMPANY, a Delaware corporation, Defendant-Appellee.

No. 26675.

United States Court of Appeals, Ninth Circuit.

July 23, 1973.

Rehearing and Rehearing In Banc Denied Aug. 28, 1973.

---

Raymond J. Conboy (argued), Dan O'Leary, of Pozzi, Wilson & Atchison, Portland, Or., for plaintiffs-appellants.

Douglas M. Ragen (argued), Frederic A. Yerke of King, Miller, Anderson, Nash & Yerke, Portland, Or., for defendant-appellee.

Before BROWNING, CARTER, and WRIGHT, Circuit Judges.

PER CURIAM:

■ The great weight of authority holds that the exclusivity provisions of workmen's compensation acts do not bar common-law tort actions for negligently inflicted injury or disease if that injury or disease is not covered by the compensation act. *See* A. Larson, Workmen's Compensation Law § 65.10 and cases cited; 121 A.L.R. 1143 and cases cited; Summer v. Victor Chemical Works, 298 F.2d 66, 67 (9th Cir. 1961).

It is reasonable to suppose that the Supreme Court of Oregon will adopt this view, particularly in light of the language of Reynolds v. Harbert, 232 Or. 586, 591, 375 P.2d 245, 248 (1962) ("Accordingly, if there is no right to receive any sum under the statute, there is nothing upon which the exclusive-benefit-thereof clause can operate"). It is a corollary of this rule that the compensation act remedy *is* exclusive if the injury or disease is of a kind "which is in itself covered but for which, under the facts of the particular case, no compensation is payable." A. Larson, Workmen's Compensation Law § 65.10 at 138.

The judgments of the Oregon Workmen's Compensation Board in rejecting the five claims involved in this appeal have become final. They are res judicata with respect to the issues decided, both legal and factual, including those relating to coverage. *See* Hines v. Continental Baking Co., 334 S.W.2d 140 (Mo.App. 1960).

■ Thus, if the Board rejected these claims on the ground that the injury or disease upon which they are based is not covered by the Act, that decision binds both the employees and their employer, the exclusionary provision does not apply, and the claimants may maintain these common-law diversity actions for negligence. If, on the other hand, the Board rejected the claims on the ground that the claimants failed to carry their burden of establishing that they had incurred a disabling injury or disease, that determination is likewise final, and precludes these suits for negligence. We conclude that four of the claimants (appellants Hubbard, Linton, Brauer, and Windust) fall in the first category, and that the fifth claimant (North) falls into the second.

All five claimants were employed by Reynolds Metals Company in one of its aluminum manufacturing plants. They submitted claims to the Oregon Workmen's Compensation Board based on the theory that they had been disabled by exposure to fumes and gases in the course of their employment. The hearing officer allowed the claims of Hubbard, Linton, Brauer, and Windust. As we read the administrative record, the hearing officer based his decision (1) on the legal premise that the precipitation or aggravation of pre-existing bronchitis constituted an "occupational disease" within the coverage of the Act; and (2) on the factual finding that each claimant had been disabled, for various periods, by symptoms associated with the precipitation or aggravation of pre-existing bronchitis by the work environment. On administrative review the medical board rejected the claims on the ground that there was insufficient evidence that the work environment was a material or substantial cause *of the underlying chronic bronchitis*. The Compensation Board adopted this conclusion. The Board did not hold that these claimants had not suffered from a disabling disease, but rather that the condition resulting in their disability (symptoms resulting from the aggravation or precipitation of a pre-existing chronic condition) was not an "occupational disease" within the coverage of the compensation act.[1]

■ This legal ruling as to the coverage of the Act is binding upon appellee Reynolds even though these four appellant-claimants did not seek judicial review, and even though, in another case, the Board's interpretation of the statute was later held to be wrong. *See* Beaudry v. Winchester Plywood Co., 255 Or. 503, 469 P.2d 25 (1970). This is so because the employee is entitled to acquiesce in the Board's ruling rather than to contest it, and because the employer may not, having induced the ruling, subsequently reject it.

The exclusivity clause is therefore inapplicable to these four claimants, and the district court erred in granting summary judgment against them.[2]

■ The hearing officer rejected the claim of the fifth claimant, appellant North, on the ground that North failed

---

1. In Hubbard's case the Board found that "acute episodes [of bronchial asthma] were precipitated by occupational exposure to irritant dust and fumes"; and, in Linton's case, that he "had acute bronchitis in November of 1967 which was made worse by dust in the atmosphere where he worked." Yet the Board concluded that no "occupational disease" had been shown. It necessarily follows that the Board adopted a definition of the term "occupational disease" that excluded aggravation of a pre-existing condition. The findings as to Brauer and Windust, made by the same Board in a single consolidated proceeding, likewise reflect the view that an "occupational disease" within the statute exists only if the work environment was a substantial cause of the underlying chronic condition itself.

2. There is no merit in appellee's claim that the exclusivity provision should apply to these four claimants because they accepted payments under the Act pending final disposition of their claims. It is clear from O.R.S. 656.262(7) and O.R.S. 656.313 that making and receiving such interim payments has no bearing upon the resolution of the question of coverage, and therefore has no bearing on the exclusivity of the Act's remedy.

to sustain his burden of proving that his disability was work-related. The hearing officer said: "There is no medical evidence that any of the chemicals described in the testimony or the documents in this record, or any other environmental conditions at Reynolds Metals Company triggered or precipitated claimant's breathing difficulties." This factual determination was affirmed on administrative review. Appellant North is bound by it, and is precluded by the exclusivity provision of the Oregon statute from relitigating this issue in a suit for negligence. The district court properly granted summary judgment against North.

The judgment is affirmed as to appellant North and reversed as to appellants Hubbard, Linton, Brauer, and Windust. The cause is remanded for further proceedings.