# MACK TRUCKS, INC. ET AL. *v.* LARRY L. MILLER

[No. 122, September Term, 1974.]

*Decided October 23, 1974.*

The cause was argued before MORTON, MOORE and LOWE, JJ.

*Howard W. Gilbert, Jr.*, with whom were *Mackley, Gilbert & France* on the brief, for appellants.

*W. Kennedy Boone, III*, with whom were *Wachs, Kreykenbohm & Boone* on the brief, for appellee.

Lowe, J., delivered the opinion of the Court.

Larry L. Miller, appellee, was injured during a "coffee-break" while playing touch football on a grass plot owned by his employer, Mack Trucks, Inc., in front of the building where he worked. His claim for compensation resulting from a ruptured kidney was denied by the Workmen's Compensation Commission. His appeal to the Circuit Court for Washington County reversed that denial with a finding that Miller had sustained an accidental injury arising out of and in the course of his employment. This appeal was taken by Mack Trucks, Inc. and its insurer, the Travelers Insurance Company. The only question to be decided is whether the injury incurred by Miller arose out of and in the course of his employment.

Miller's regular shift hours on the day of the injury were from 8:00 a.m. to 4:00 p.m. He was permitted seventy minutes for lunch at the noon hour and two fifteen minute "coffee-breaks," one at 10:00 a.m. and one at 2:30 p.m. During the afternoon "coffee-break" Miller and his co-workers would play touch football on the company grass plot about one hundred yards from the plant. This particular recreation had not been expressly authorized, but was permitted by the company's acquiescence over a period of three months during which the safety director was a spectator on at least two occasions. At no time did he or any other official of Mack Trucks, Inc. interfere with, or object to, the football game.

As a condition of recovery it must be established under the circumstances of each case that the injury arose "out of and in the course of" employment. Md. Code, Art. 101, § 15. The words "out of" refer to the cause or origin of the accident, while the phrase "in the course of" refers to the time, place and circumstances under which it occurred. *Coates v. J. M. Bucheimer Co., Inc.*, 242 Md. 198, 201.[1]

---

1. In Giant Food v. Gooch, 245 Md. 160, it was held that the reading of Art. 101, § 15 and § 67 (6) together showed that the Legislature included by definition a right to recover under the Act for " 'an injury caused by the wilful or negligent act of a third person directed against any employee in

We may restrict our inquiry by eliminating uncontested factors. The "origin" or "cause" of the injury was a third party who blocked appellee during the football game known to and not prohibited by the employer. The activity occurred on free time allowed the employee during the hours he was required to be on premises and was on company property. Under these circumstances, all of the prerequisite conditions of recovery have been met save one. We must decide whether the activity is sufficiently work-related to be an incident of employment.

In 1966 the Court of Appeals first determined that when an employer encouraged, authorized and underwrote the costs of recreational activities the work-related criterion was met. *Sica v. Retail Credit Co.*, 245 Md. 606. The employee there was injured at a company picnic when he dove off a piling into shallow water and broke his neck. Recognizing that each case must be decided on its particular circumstances, the Court gave great weight to the "substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale common to all kinds of recreation and social life." *Sica, supra,* at 618.

We find it difficult to distinguish a recreational activity *encouraged* during free time (a Saturday picnic once a year) in *Sica* from a far shorter free time recreational period provided during each working day (a 15 minute "coffee-break"). Sica was *encouraged* to take advantage of the relaxation and recreation and to socialize with fellow employees, although not necessarily expressly encouraged to swim or play ball. So indeed Miller was *encouraged* if not required to avail himself of the free time provided, and although not *encouraged* to play touch football, was permitted to do so with the employer's knowledge over a

the course of his employment.' " Such compensable injury need not be attributable to the working environment provided it was incurred in the course of employment. *See also* Smith v. General Mot. Assemb. Div., 18 Md. App. 478. The Court of Appeals made it clear that ". . . if the employee was *in the course of his employment* when he was killed [or injured] by a third person's negligence, his death [or injury] was compensable even though it had not arisen out of the employment." (Emphasis added) Giant Food, *supra,* at 167.

period of at least three months. Not only do the employer's actual knowledge and acquiescence establish the recreational activity as an "incident of employment," but the period over which it had persisted would, itself, permit that inference. 1 Larson's *Workmen's Compensation*, § 22.12; citing *Moore's Case*, 330 Mass. 1, analyzed and relied upon in *Sica*.

The language of Judge Oppenheimer justifying the *Sica* result seemed to augur the circumstance here. He gave an illustrative example of a social activity or event that would be sufficiently work-related to be an incident of employment.

> "The modern institution of the 'coffee break' benefits the employer, in maintaining the employees' morale, as well as the participating employees. There can be little question but that an accident sustained during such an interval on the portion of the employer's premises set aside for that activity arises out of the employment." *Sica v. Retail Credit Co.*, 245 Md. at 612.

The employer's grass plot, one hundred yards from the plant may not initially have been "set aside" for that activity; however, it was clearly *made available* by the employer for the activity, after three months permitted use. If there is a distinction here, it is a distinction without a difference.

We are not unaware of the reasoning of the many cases in other jurisdictions both pro and con as to whether social and recreational activities are sufficiently work-related to be an incident of employment. Were we without the obvious direction pointed by the Court of Appeals, some useful purpose might be served by discussing and analyzing the reasoning of these cases. But that would be superfluous here in light of the Court of Appeals' extensive analysis preceding its then first impression result in *Sica*, after which the Court prophetically expressed its view of the coffee-break in judicial dictum most appropriate to the facts of this case.

Even without the clearly mapped road provided us by the

Court of Appeals, we note that Larson, *Workmen's Compensation Law* leads to the same terminus.[2]

We affirm the result reached by Judge Ottinger that the appellee suffered a compensable injury.

*Judgment affirmed.*
*Costs to be paid by appellant.*

---

**2.** In Volume 1, § 22 of Larson, the general maxim is set forth that "Recreational or social activities are within the course of employment when

> (1) They occur on the premises during a lunch or recreational period as a regular incident of the employment; . . . ."

Larson then proceeds to analyze every conceivable aspect of interrelated fact situations.