**Constantin DECIUS, Appellant,**

**v.**

**MARRIOTT CORPORATION, Appellee.**

**No. 13338.**

District of Columbia Court of Appeals.

Argued March 13, 1979.

Decided June 12, 1979.

Rehearing and Rehearing En Banc
Denied July 23, 1979.

A. Palmer Ifill, Washington, D. C., for appellant.

Francis J. Ford, Washington, D. C., for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

Appellant sought damages from his former employer in a negligence and breach of warranty suit for injuries sustained at work prior to his discharge from employment. He also sued for wrongful termination of employment. The injuries complained of arose when he was hit by a fellow employee during a lunch break on the work premises in Maryland.[1] A claim based on the same injuries had previously been denied by the Maryland Workmen's Compensation Commission (hereinafter Commission).

The counts seeking damages for the assault, the trial court found, were barred by the exclusive remedy provision[2] of the Maryland Workmen's Compensation Act[3] (hereinafter the Act). The court also ruled that appellant's evidence was insufficient to support the wrongful termination claim. Verdict was directed for appellee on all counts at the close of appellant's case. We affirm.[4]

I.

On March 3, 1976, appellant was employed by appellee in Maryland as a meat cutter. A break room was provided on the premises for employees for purposes of rest, lunch, change of clothes, and the like. While there on his lunch hour that day, appellant was hit in the face and in the back by co-employee William Southerland.

As a result appellant was injured and unable to perform his work duties.

Appellant presented a claim arising out of this incident to the Maryland Workmen's Compensation Commission. The testimony conflicted over whether appellant was an aggressor in a fight or an innocent victim of an unprovoked assault. The Commission denied appellant's claim, stating only that:

The Commission finds on the issues presented that the claimant did not sustain an accidental injury arising out of and in the course of employment as alleged to have occurred on March 3, 1976, and the Commission will disallow the claim filed herein.

No appeal was taken from this order.[5]

Appellant then brought this suit in the District of Columbia. Before the trial court he testified as he had before the Commission. Appellee presented no witnesses. Finding that the parties were covered by the Maryland Act and that the injuries suffered were at the place of employment, the trial court ruled that the exclusivity provision barred suit.

On appeal, the parties appear to agree that under Maryland law an employee who suffers an injury covered by the Act cannot sue the employer. Their point of disagreement is whether appellant's injuries are thus "covered." Appellant contends "it is uncontradicted that [appellant] did not suffer an accidental personal injury arising out of and in the course of his employment. The Maryland Workmen['s] Compensation Commission so ruled." (Appellant's Brief at 6.)

Appellee, on the other hand, contends that the parties were "covered" by the Act, but that compensation was denied because

---

1. The co-employee was not joined in this law suit.

2. Md.Ann.Code art. 101, § 15, ¶ 2 (Michie Cum. Supp.1977).

3. *Id.*, §§ 1 *et seq.*

4. With regard to the wrongful termination claim, appellant urges that once he showed termination of employment at trial, the burden should have shifted to appellee to show that

termination was for a proper reason. Finding no merit in this contention, we limit our discussion to the other issue in this case relating to the effect of the previous decision of the Maryland Workmen's Compensation Commission on this law suit.

5. Appeal for trial of the claim by jury is permitted by Md.Ann.Code, *supra*, art. 101, § 56(a).

appellant's "alleged claim was not proved to the satisfaction of the Commission." It is appellee's position that a denial of benefits on the *merits* of the claim "does not take the incident outside of the Act" so as to give the employee the right to bring a civil action in court.

■ Appellee further seems to contend the Commission found appellant guilty of "willful misconduct." A claimant injured by his own "willful misconduct" is not entitled to compensation under the Act.[6] While appellant concedes that one injured "out of and in the course of" employment through his own willful misconduct receives nothing under the Act, and that such compensation remedy is exclusive, he contends, contrary to appellee, that the issue of "willful misconduct" was neither before the Commission nor decided by it.

## II.

■■ We note at the outset the Maryland Act provides that the "liability prescribed by [the Act] shall be exclusive." Md.Ann.Code art. 101, § 15, ¶ 2 (Michie Cum.Supp.1977). This provision is construed as barring tort suits against the employer only "upon finding that the injury was such a one as was covered by the Act." *Wood v. Aetna Casualty & Surety Co.,* 260 Md. 651, 661, 273 A.2d 125, 131 (1971); *see Kendall Lumber Co. v. State,* 132 Md. 93, 103 A. 141 (1918). Secondly, we note that the legal and factual determinations of a compensation board in awarding or denying compensation are generally held to be conclusive on a court in subsequent tort proceedings on the same claim. *Hubbard v. Reynolds Metals Co.,* 482 F.2d 63, 64 (9th Cir. 1973). This general rule applies not only to determinations that the claim is or is not covered by the Act, *id.* at 64–65, but also to determinations that the injuries did or did not occur as alleged, *id.*

Whether a tort action may be brought after a compensation claim has been denied consequently depends on the grounds of the denial. Thus,

if the Board rejected these claims on the ground that the injury or disease upon which they are based is not covered by the Act, that decision binds both the employees and their employer, the exclusionary provision does not apply, and the claimants may maintain these common-law . . . actions for negligence.

*Id.* at 65. *Cf. Kendall Lumber Co. v. State, supra,* 103 A. at 143 (denial of compensation claim on ground injured employee was not in course of employment at time of injury held "no defense" to subsequent tort action on same injury). If, on the other hand, compensation was denied because the claimant failed to "prove that he suffered an accident at the time and place and in the manner he alleges," this determination is likewise final, and precludes a suit in tort on the same allegations. *Drier v. Randforce Amusement Corp.,* 17 Misc.2d 389, 390, 185 N.Y.S.2d 628, 630 (1959), *aff'd without opinion,* 14 A.D.2d 772, 218 N.Y.S.2d 527 (1961). *See Hubbard v. Reynolds Metals Co., supra* at 65. Furthermore, a finding by the board that a claimant's injuries are covered by the Act, but are noncompensable because they arose from the claimant's own willful misconduct, would also be conclusive.

■ Here, it is apparent that the Commission ruled against appellant on the facts, finding in necessary effect that he provoked the fight with Southerland. This conclusion is reached because appellant's version of the incident clearly made out a compensable injury under the Maryland Act, and if the Commission had accepted his testimony, it would have awarded compensation. "Accidental personal injury" is specifically defined in the Act as including "an injury caused by the willful or negligent act of a third person directed against an employee

---

6. Md.Ann.Code, *supra,* art. 101, § 45. *See id.,* § 15; *Scherr v. Miller,* 229 Md. 538, 545, 184 A.2d 916, 920 (1962).

in the course of his employment." Md.Ann. Code, *supra*, art. 101, § 67(6). The term "in the course of" employment refers simply "to the place, time and circumstances under which the accident resulting in the injury or death occurs," and not to the cause of the injury. *Knoche v. Cox*, 282 Md. 447, 455, 385 A.2d 1179, 1183 (1978); *Mack Trucks, Inc. v. Miller*, 23 Md.App. 271, 326 A.2d 186 (1974). Rest periods and social activities permitted on the work premises have specifically been held to be within "the course of" employment by the Maryland courts. *E. g.*, *Mack Trucks, Inc. v. Miller, supra.* Furthermore, co-employees have been held to be "third persons" for the purposes of the term "willful or negligent act of a third person directed against an employee in the course of his employment." *Zentz v. Peters & Taylor, Inc.*, 11 Md.App. 1, 272 A.2d 430 (1971).[7]

Appellant testified before the Commission that he was taking a permitted rest on the business premises during regular work hours when Southerland beat him up without provocation. Such an attack, if proved, is clearly "in the course of" employment and therefore compensable under the Maryland Act. *Knoche v. Cox, supra; Giant Food, Inc. v. Gooch*, 245 Md. 160, 225 A.2d 431 (1967); *Mack Trucks, Inc. v. Miller, supra.* His testimony before the Commission was directly contradicted by Southerland. We must necessarily conclude that the Commission, in denying appellant's claim on the ground that he "did not sustain an accidental injury arising out of and in the course of employment *as alleged,*" (emphasis supplied) found against appellant on the merits of his claim. To view it otherwise would be to conclude the Maryland Commission did not apply the elementals of its function. Appellant was consequently barred from bringing this suit at law. *Hubbard v. Reynolds Metals Co., supra; Drier v. Randforce Amusement Corp., supra.*[8]

*Affirmed.*

KERN, Associate Judge, concurring:

Since the disallowance in Maryland of appellant's claim for workmen's compensation rested on ambiguous grounds,[1] I believe the trial court properly conducted de novo proceedings to hear the counts contained in appellant's complaint seeking damages for the assault. After hearing testimony by appellant that during a break in his workday, while at his employer's place of business, he was set upon by a fellow employee (without provocation) and beaten, the trial court accepted as true these facts for the purpose of ruling upon the motion by appellee (the employer) for a

---

7. It is true that prior to 1951 an assault by a third party would not be compensable under the Act unless the assault also arose "out of" the employment. *Giant Food, Inc. v. Gooch*, 245 Md. 160, 165, 225 A.2d 431, 433–34 (1967). "Out of" employment "refers to the cause or origin of the accident." *Knoche v. Cox, supra*, 385 A.2d at 1183. This standard required that the danger of the assault have been "an incident of the special conditions of the employment." *Giant Food, Inc. v. Gooch, supra*, 225 A.2d at 433–34. In 1951, however, this requirement was abolished by amendment to the Act for injuries inflicted willfully or negligently by third parties. *Id.* It therefore has no application to this case.

8. Appellant cites *Kramer v. Globe Co.*, 175 Md. 461, 2 A.2d 634 (1938), presumably to show that appellee should be estopped from denying that the injuries are outside the Act. *Kramer* is inapposite. The claimant in *Kramer* brought

suit and then sought a voluntary dismissal because of an averment in the defendant's special plea to the effect that the plaintiff was an employee of defendant in the course of employment when the injury occurred. The suit was dismissed. In the subsequent compensation proceedings the defendant denied the truth of its special plea, and the court held it was estopped from doing so. "[T]he claimant," the court held, "was justified in taking the action which he did take in dismissing his common law case." There is no similar justifiable reliance in this case which would be the basis of an estoppel. Appellant's decision not to appeal or to seek clarification or modification of the order denying compensation must have been either a tactical decision or due to his own misinterpretation of Maryland law.

1. Appellant took no appeal from the Commission's adverse decision.

directed verdict. The court found that "the injuries suffered [by appellant] were at the place of employment" and concluded "the statute make[s] the Workmen's Compensation Act the exclusive remedy as between the employer and employee." (Record at 50–51.) Accordingly, the court directed a verdict for appellee on these counts. Its decision is required by the statute, *Wood v.* *Aetna Casualty and Surety Co.*, 260 Md. 651, 273 A.2d 125 (1971), and should be affirmed.[2]

2. I also agree that the wrongful termination claim advanced by appellant was properly rejected.