**Wanda RINGGOLD, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

No. 85–160.

District of Columbia Court of Appeals.

Argued Dec. 16, 1985.
Decided Sept. 9, 1987.

Jeffrey P. Bloom, with whom Eric M. May, Washington, D.C., was on the brief, for petitioner.

Edward E. Schwab, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel at the time the brief was filed, John H. Suda, Principal Deputy Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washing-

---

ton, D.C., were on the brief, for respondent.

D. Stephenson Schwinn, with whom David P. Durbin and Mary Ann Snow, Washington, D.C., were on the brief, for intervenor, Safeway Stores, Inc.

Before FERREN and STEADMAN, Associate Judges, and GALLAGHER, Senior Judge.

STEADMAN, Associate Judge:

Wanda Ringgold appeals an order of the Department of Employment Services (DOES) denying her workers' compensation benefits. The main issue presented is whether the DOES is compelled to give full faith and credit to the Maryland Workers' Compensation Commission's finding that Ringgold's work-related injury did not cause her disability. We conclude that the DOES is not constitutionally required to defer to the Maryland causation finding, and accordingly remand the case for further proceedings.

## I.

Wanda Ringgold was a delivery truck driver for Safeway Stores, Inc. On April 16, 1983, she accidentally inhaled insecticide fumes while loading her truck at a Safeway warehouse. She was taken to Prince George's County Hospital the same day, complaining of a severe headache, coughing, nausea, and elevated blood pressure. Ringgold's blood pressure remained high after the accident, and she was unable to drive her truck on a regular basis until September 26, 1983. She was assigned to temporary clerical jobs in the meantime.

Ringgold filed workers' compensation claims in both Maryland and the District of Columbia, seeking temporary total disability benefits for the periods April 18–20, April 27–June 20, and September 16–26, 1983. Safeway opposed her benefit claims, arguing that her disability during those periods was not caused by her exposure to insecticide.

After an evidentiary hearing, the Maryland Workers' Compensation Commission awarded Ringgold temporary total disability benefits for the period April 18–20. The Commission denied benefits for the other two periods, finding that Ringgold's high blood pressure during those periods was "not causally related" to her exposure to insecticide on April 16, 1983.

The District of Columbia DOES held a hearing on Ringgold's D.C. benefit claims after the Maryland Commission issued its findings. The DOES hearing examiner recommended that Ringgold be awarded temporary total disability benefits for all three periods. The final compensation order issued by DOES Director Matthew Shannon denied Ringgold benefits for the period April 18–20 on the ground that the Maryland Workers' Compensation Commission had already awarded her benefits for that period. Shannon also denied Ringgold benefits for the other two periods, because the Maryland Commission had concluded that her high blood pressure during those periods was not caused by her work-related injury. Shannon reasoned that Maryland's "determination of the causal connection issue" was binding on the District under the Full Faith and Credit clause of the United States Constitution.

## II.

Ringgold argues on appeal that the DOES erred in denying her workers' compensation benefits. The DOES denied benefits for the period April 18–20, 1983 on the theory that D.C.Code § 36–303(a)(1) (1981) prohibits Ringgold from receiving benefits from both Maryland and District of Columbia for the same period of disability. We upheld this interpretation of § 36–303 in *Lee v. District of Columbia Department of Employment Services*, 509 A.2d 100 (D.C.1986).[1]

However, we disagree with the DOES' conclusion that the Full Faith and Credit clause mandates deference to the Maryland Workers' Compensation Commission's find-

---

1. On remand, DOES should consider the application of this interpretation to Ringgold in light of our decision today in *Reichley v. District of Columbia Department of Employment Services*, 531 A.2d 244 (D.C.1987).

ing that Ringgold's disability during the other two periods was not caused by her work-related injury. The Full Faith and Credit clause requires state and federal courts to give "acts, records and judicial proceedings" the same full faith and credit which they are given in the jurisdiction from which they are taken. U.S. CONST., art. IV, § 1; 28 U.S.C. § 1738. It is uncertain to what extent the Full Faith and Credit clause compels a workers' compensation agency to defer to the factual findings of another state's workers' compensation agency,[2] but we do not need to resolve this constitutional question. Even if we applied the Full Faith and Credit clause in this case, the DOES would only be required to give the Maryland Commission's findings the same full faith and credit they receive in Maryland. *See* 28 U.S.C. § 1738 (1982). Under Maryland law, the findings of the Workers' Compensation Commission have little, if any, binding effect on courts or other agencies. The Commission's finding may be modified by a court on appeal. *See* MD.ANN.CODE art. 101, § 56 (1986 Supp.); *City of Salisbury v. McCoy,* 47 Md.App. 488, 496–97, 424 A.2d 164, 168 (1981). The Commission's findings are not binding on other administrative agencies, even on issues "apparently identical" to issues already decided by the Commission. *Cicala v. Disability Review Board for Prince George's County,* 288 Md. 254, 261–65, 418 A.2d 205, 211 (1980). Finally, the Commission itself has broad power under MD.ANN.CODE art. 101, § 40(c) (1985) to reopen a case "even for consideration of questions previously decided." *Subsequent Injury Fund v. Baker,* 40 Md.App. 339, 346, 392 A.2d 94, 98 (1978). Section 40(c) not only gives the Commission continuing jurisdiction over each case, but also invests the Commission with "blanket power to make such changes as in its opinion may be justified." This reopening statute is one of the broadest in the nation. *Baker, supra,* at 98. *See generally* 3 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION, § 81-30—81-53 (1983).

Since the Maryland Commission's findings have so little binding effect under Maryland law, we conclude that the Commission's findings do not bind the DOES under the Full Faith and Credit clause. Thus, the DOES is not limited by this constitutional constraint in determining whether to defer to the Maryland findings,[3] or to make its own findings on whether Ringgold's insecticide exposure caused her disability during the periods in question.[4] Be-

**2.** *See generally* 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 4467 (1981); *Thomas v. Washington Gas Light Company,* 448 U.S. 261, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980). *Cf. University of Tennessee v. Elliott,* —— U.S. ——, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).

**3.** The doctrine of issue preclusion or collateral estoppel restricts a party in certain circumstances from relitigating issues or facts actually litigated and necessarily decided in an earlier proceeding. *See Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Goldkind v. Snider Bros., Inc.,* 467 A.2d 468, 473 (D.C.1983); RESTATEMENT (SECOND) OF JUDGMENTS § 27. This doctrine is subject to exceptions. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 28. For example, issue preclusion is not appropriate if the burdens of proof in the relevant jurisdictions are different. *Id.,* § 28(a). *See generally Rhema Christian Center v. District of Columbia Board of Zoning Adjustment,* 515 A.2d 189 (D.C.1986).

**4.** The DOES argues on appeal that the Maryland findings must be given preclusive effect under *Decius v. Marriott Corp.,* 402 A.2d 841 (D.C. 1979). In *Decius,* an injured worker filed a benefit claim with the Maryland Workers' Compensation Commission. The Maryland Commission denied benefits, finding only that "the claimant did not sustain an accidental injury arising out of and in the course of employment." 402 A.2d at 842. The worker then brought a tort claim against the employer in District of Columbia Superior Court. The trial court concluded that the worker's injury was covered under the Maryland Workers' Compensation Act, and that the tort claim was barred under MD.ANN.CODE art. 101, § 15 (1985), which provides that workers' compensation is the exclusive remedy for injuries covered under the act. This court affirmed the trial court's decision.

*Decius* is distinguishable from the case, because it deals with statutory preclusion of a tort claim—the worker's suit in Superior Court was barred because the trial court found that workers' compensation was the exclusive statutory remedy for the injury. *Decius* is not dispositive as to whether issue preclusion must apply between workers' compensation tribunals of different jurisdictions.

cause the decision to deny benefits for the later two periods was apparently based on the mistaken conclusion that DOES was constitutionally required to defer to the Maryland causation findings, we remand the case for further consideration.[5]

*So ordered.*

---

**5.** We refrain at this time from expressing any views as to whether or how legal principles *other than* the Full Faith and Credit clause are operative with respect to the DOES determination. Such a review should follow, not precede, a DOES examination of the relevant legal and policy factors. *Cf. Wells v. District of Columbia Department of Employment Services,* 513 A.2d 235 (D.C.1986).