# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-650

**CLINT ASHWORTH**

**VERSUS**

**BIG EASY FOODS OF LOUISIANA, LLC, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 12-02105
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

**Gregory Paul Allen Marceaux**
**Marceaux Law Firm**
**2901 Hodges Street**
**Lake Charles, LA 70601**
**Telephone: (337) 310-2233**
**COUNSEL FOR:**
    **Plaintiff/Appellee – Clint Ashworth**

**Azelie Ziegler Shelby**
**Shelby Law Firm**
**3070 Teddy Drive**
**Baton Rouge, LA 70809**
**Telephone: (225) 223-6961**
**COUNSEL FOR:**
    **Defendants/Appellants - LUBA Casualty Insurance Company, Inc. and**
    **Big Easy Foods of Louisiana, LLC**

**THIBODEAUX, Chief Judge.**

Clint Ashworth filed a workers' compensation claim against his employer, Big Easy Foods of Louisiana, LLC, and its insurer, LUBA Casualty Insurance Company (collectively, "Big Easy"), after he severed the tip of his finger while cleaning a meat grinder. Though Big Easy initially paid for and approved benefits for Mr. Ashworth, the company later terminated benefits and alleged that Mr. Ashworth had intentionally injured himself. Following a trial, the workers' compensation judge (WCJ) entered judgment in favor of Mr. Ashworth, awarding past medical expenses, indemnity benefits, penalties, and attorney fees.

Big Easy appeals. For the following reasons, we affirm the judgment.

I.

## ISSUES

We must determine whether the trial court:

(1)    applied a higher evidentiary standard on Big Easy's burden of proving an intentional injury;

(2)    erred in finding that Big Easy did not prove that Mr. Ashworth committed an intentional injury;

(3)    erred in finding that Big Easy was arbitrary and capricious in terminating Mr. Ashworth's benefits; and

(4)    erred in the amount of penalties and attorney fees awarded.

II.

## FACTS AND PROCEDURAL HISTORY

Mr. Ashworth was employed at Big Easy─a sausage making company. His duties included grinding meat and cleaning the equipment after each

use.  At the start of his employment, Mr. Ashworth received two days of on-the-job training.  As part of the training, Mr. Ashworth was taught how to clear the end plate of the grinder of excess meat and place that meat into a container.  Big Easy instructed Mr. Ashworth to wipe off the excess meat with his bare hands.

Approximately one week after beginning work with Big Easy, Mr. Ashworth was injured at work.  After completing the grinding process with a section of meat, Mr. Ashworth allegedly turned off the meat grinder.  He then attempted to clean the end plate of the grinder of excess meat.  During the cleaning process, the blades of the meat grinder severed the tip of Mr. Ashworth's left index finger.

Following the incident, Mr. Ashworth's co-worker transported him to the hospital where a surgeon performed a partial amputation of Mr. Ashworth's index finger.  Doctors deemed Mr. Ashworth temporarily and totally disabled from February 9, 2012 to April 30, 2012.  His indemnity benefits began on February 17, 2012.  Additionally, Big Easy initially paid for and approved medical benefits for him.  On March 15, 2012, however, Big Easy terminated payment of all medical and indemnity benefits.  Big Easy informed Mr. Ashworth that it believed he intentionally injured himself.  Mr. Ashworth denied Big Easy's accusations and filed suit.

Following a trial, the WCJ entered judgment in favor of Mr. Ashworth, finding that he did not intentionally injure himself.  The WCJ awarded past medical benefits, penalties in the amount of $8,000.00 for arbitrary termination of benefits and penalties in the amount of $2,000.00 for Big Easy's failure to pay the first week of indemnity benefits.  He also awarded $17,768.25 in attorney fees.

III.

## LAW AND DISCUSSION

### Standard of Review

The standard of review by the appellate court of findings of fact by the WCJ is to determine whether the WCJ committed manifest error or was clearly wrong. *Metoyer v. Roy O. Martin, Inc.*, 03-1540 (La.App. 3 Cir. 12/1/04), 895 So.2d 552, *writ denied*, 05-1027 (La. 6/3/05), 903 So.2d 467; *Wiley v. Grand Casino Avoyelles*, 98-1468 (La.App. 3 Cir. 4/21/99), 731 So.2d 518, *writ denied*, 99-2032 (La. 11/5/99), 750 So.2d 180. As long as the record supports the findings of fact of the WCJ, and these findings of fact are reasonable, then an appellate court cannot overturn those findings of fact. *Metoyer*, 895 So.2d 552.

### Standard of Proof of an Intentional Injury

Big Easy contends that the WCJ committed legal error and placed a higher burden of proof on it than the law requires. Specifically, Big Easy asserts that the Louisiana Workers' Compensation Act requires defendants to prove the affirmative defense of intentional injury by a preponderance of the evidence but that the WCJ committed legal error by requiring it to introduce direct and medical evidence to prove its claim. While we agree with Big Easy as to the appropriate standard of review, we disagree with its assertion that the WCJ legally erred and held it to a higher standard.

Indeed, Big Easy is correct in stating that the burden of proving an intentional injury in a workers' compensation case is the normal burden of proof in civil cases—a preponderance of the evidence. *Brunet v. State of Louisiana*, 442 So.2d 638 (La.App. 1 Cir. 1983). Big Easy is incorrect, however, in its assertion

3

that the WCJ held it to a higher standard than the law requires. In his oral reasons, the WCJ correctly set forth the burden of proof placed on Big Easy for the affirmative defense that Mr. Ashworth intentionally injured himself. As stated by the WCJ: "So, the basic question to be answered in this litigation is whether the defense can prove by a preponderance of the evidence that Mr. Ashworth formulated the willful intent to mutilate himself." He then proceeded to exhaustively discuss the circumstantial evidence presented by Big Easy. The one phrase uttered by the WCJ that Big Easy embraces in support of its argument is the WCJ's statement that the employer's decision was "based purely on speculation and suspicion and had no medical foundation whatsoever."

Big Easy urges us to ignore the totality of the WCJ's reasons and instead find that his utterance of the words "medical foundation" indicates that the WCJ applied the wrong legal standard. Thus, a de novo review is required. We decline to do so. It is clear that the WCJ possessed a firm grasp of the legal standard and of the evidence. The WCJ's reference to the lack of a "medical foundation" was only one of the factors that the WCJ considered in its overall judgment in the case. Thus, we find no merit in Big Easy's argument that the WCJ applied the wrong legal standard to the case.

### Defendants' Lack of Proof of an Intentional Injury

Big Easy also contends that the WCJ erred in finding that it did not meet its burden of proving that Mr. Ashworth intentionally severed his finger. We find no merit in its argument and find that the WCJ was not manifestly erroneous in awarding judgment to Mr. Ashworth.

Louisiana law provides that no compensation is owed to an employee who intentionally injures himself. La.R.S. 23:1081(1)(a). An employer bears the burden of proving that the employee had a willful and wanton intent to injure himself. *King v. Grand Cove Nursing Home*, 93-779 (La.App. 3 Cir. 3/9/94), 640 So.2d 348, *writ denied*, 94-865 (La. 5/13/94), 641 So.2d 204.

Before reaching judgment in favor of Mr. Ashworth, the WCJ heard extensive testimony from several witnesses. Big Easy and its witnesses alleged that Mr. Ashworth was motivated to intentionally injure himself because he was stressed financially. Moreover, they alleged that Mr. Ashworth was aware that another employee received a settlement when the employee injured himself while cleaning a meat grinder, and this knowledge motivated Mr. Ashworth to injure himself.

Mr. Ashworth testified at trial and specifically denied inserting his finger into the end plate with the intent of cutting off the end of his finger. Instead, Mr. Ashworth states that he was merely cleaning excess meat from the end plate as he was instructed to do. He testified that he was unaware that the grinder was spinning and that it was dangerous to insert his finger into it. The testimony of Mr. Ashworth's supervisor gave credence to Mr. Ashworth's case. He testified that Big Easy's employees were required to clear excess meat from the end plate of the grinder with their bare hands.

To support its contention that Mr. Ashworth intentionally injured himself, Big Easy offered the testimony of the three co-workers who were present at the time of Mr. Ashworth's injury. Those individuals testified that Mr. Ashworth was acting suspicious on the day of the injury and that he admitted that he "did it."

The WCJ weighed the testimony presented and clearly believed the testimony of Mr. Ashworth. In his oral reasons, the WCJ called Big Easy's evidence "pretty thin," and he doubted that Mr. Ashworth's utterance of "I did it" was a confession of a crime. Moreover, the WCJ opined that any reasonable person would be interested to hear about a former employee who injured himself with a meat grinder—the very piece of equipment being used at the time of the discussion. We find no error in the WCJ's judgment that Big Easy failed to prove by a preponderance of the evidence that Mr. Ashworth intentionally injured himself in the workplace.

**Unlawful Termination of Mr. Ashworth's Benefits**

Big Easy argues that the WCJ: (1) erred by requiring it to prove Mr. Ashworth intentionally injured himself before terminating his benefits and (2) erred in finding that they were arbitrary and capricious in terminating Mr. Ashworth's benefits. We find no merit in either of Big Easy's arguments.

Big Easy's assertion that the WCJ required it to prove that Mr. Ashworth intentionally injured himself before it terminated benefits has no support in the record. Big Easy once again takes the WCJ's words out of context to fit its argument. Specifically, Big Easy points to the WCJ's statement: "The termination of benefits was not sufficiently supported by the record, even with using the preponderance of the evidence standard." Nothing in the WCJ's reasons for judgment, however, indicate that he applied the wrong legal standard. Instead, he clearly found that Mr. Ashworth proved that the termination of benefits was arbitrary and capricious. *See* La.R.S. 23:1201(I).

Moreover, we find that the WCJ did not manifestly err when he found that Big Easy arbitrarily and capriciously terminated Mr. Ashworth's benefits. As discussed previously, the WCJ considered the testimony of Mr. Ashworth as well as the other employees who were present at the time of Mr. Ashworth's injury. This testimony also formed the basis of Big Easy's investigation. We find no need to repeat the facts here. It is evident that the WCJ placed more weight on Mr. Ashworth's version of the events, and we find no error in his conclusion.

**Penalties and Attorney Fees**

Big Easy argues that the penalties and attorney fees imposed in this matter were inordinately high. It argues that the WCJ erred by imposing a penalty for Big Easy's failure to pay the first week of benefits.

The amount of penalties and attorney fees awarded by the trial court is entitled to great discretion and will not be disturbed absent an abuse of discretion. *Williams v. Tioga Manor Nursing Home*, 09-417 (La.App. 3 Cir. 11/18/09), 24 So.3d 970, *writ denied*, 10-298 (La. 4/9/10), 31 So.3d 389. Here, we find no abuse of discretion in the trial court's award.

Turning first to the alleged erroneous $2,000.00 penalty, the WCJ properly awarded this penalty under La.R.S. 23:1201(F). Section 1201(F) awards penalties of up to $8,000.00 for failure to timely pay benefits when a defendant fails to reasonably controvert a claim. At trial, Big Easy stipulated that it failed to pay indemnity benefits for the first week following Mr. Ashworth's injury. Since Big Easy failed to reasonably controvert Mr. Ashworth's claim, he is entitled to a $2,000.00 penalty for its failure to pay the first week of benefits. Thus, we find no

7

merit in Big Easy's argument that the WCJ erred by imposing that penalty. Moreover, we find no error in the amount awarded in attorney fees, and we award an additional $4,500.00 in attorney fees to Mr. Ashworth's attorney for work done on this appeal.

IV.

## <u>CONCLUSION</u>

We affirm the judgment of the trial court. Costs of this appeal are assessed against Defendants.

**AFFIRMED.**